IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRO LAJUAN BELL,

        Petitioner,

v.

JOSIAS SALAZAR,

        Respondent.

Case No. 3:20-cv-00467-JE

FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner, a prisoner at FCI-Sheridan, filed this 28 U.S.C. § 2241 habeas corpus case on March 19, 2020 challenging the validity of his federal sentence in the District of North Dakota imposed on August 25, 2016. For the reasons that follow, the Petition should be summarily dismissed for lack of jurisdiction.

## BACKGROUND

On February 5, 2016, Petitioner pled guilty to one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance. As Petitioner acknowledged in his Plea Petition,

1 - FINDINGS AND RECOMMENATION

because his criminal history included two prior felony drug convictions from the State of Washington, his guilty plea to the Conspiracy charge subjected him to a mandatory life sentence. *See* 21 U.S.C. § 841. The Government, however, filed for a downward departure sentence and the Court sentenced Petitioner to a 180-month prison term. Petitioner did not take a direct appeal.

On July 24, 2017 Petitioner filed a 28 U.S.C. § 2255 motion alleging that his prior convictions did not qualify him for an enhanced sentence, and that his attorney was ineffective for not raising such a challenge. On May 1, 2018, the District of North Dakota concluded that it properly considered the prior drug convictions at sentencing and denied relief. Petitioner appealed that decision but on July 9, 2019, the Eighth Circuit Court of Appeals declined to issue a certificate of appealability and dismissed the appeal. Petitioner now asks this Court to provide him habeas corpus relief from what he believes to be an illegal sentence predicated on prior felony convictions that do not support a statutory enhancement.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so."

2 - FINDINGS AND RECOMMENDATION

*Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

In this case, Petitioner asserts that intervening decisions by the Supreme Court constitute a change in the law which made it impossible for him to make the particular challenge to his

3 - FINDINGS AND RECOMMENDATION

sentence in his prior proceedings that he does in his habeas corpus Petition.[1] Specifically, he provides:

> "The Supreme Court's intervening decisions in *Descamps v. U.S.*, 570 U.S. 254 (2013), and *Mathis v. U.S.*, 136 S. Ct. 2243 (2016), along with the Ninth Circuit's rulings in *U.S. v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), and *U.S. v. Brown*, 879 F.3d 1048 (9th Cir. 2018), establish that the petitioner's Washington State controlled substance conviction is an invalid predicate offense."

Petition (#1), p. 17.

Assuming that Petitioner's challenge to a sentencing enhancement amounts to a cognizable claim of actual innocence where he does not claim to be innocent of any of his crimes of conviction,[2] he still cannot avail himself of the § 2255(e) savings clause. The Supreme Court cases upon which he relies do not constitute intervening cases. The Supreme Court decided *Mathis* on June 23, 2016, and it issued its decision in *Descamps*

---

[1] Although Petitioner cites cases from the Fourth and Ninth Circuits, the intervening change in the law that is relevant to his claims arises from the Supreme Court's decisions in *Descamps* and *Mathis* where it "made clear that a court may not look behind the elements of a generally drafted [indivisible] statute to identify the means by which a defendant committed a crime." *Mathis*, 136 S.Ct. at 2255. In any event, the circuit cases Petitioner cites not only predate the decision in his 2255 action, but also do not support his argument in this case.

[2] In *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit recently concluded that one can be actually innocent of a non-capital sentence. The Court of Appeals is currently awaiting briefing on whether to rehear that case *en banc*.

4 - FINDINGS AND RECOMMENDATION

on June 20, 2013. Both of these decisions not only predate the District of North Dakota's resolution of Petitioner's 28 U.S.C. § 2255 motion on May 1, 2018, but also predate Petitioner's filing of his § 2255 motion on July 24, 2017 by more than a year. In this respect, Petitioner cannot credibly assert that he lacked an unobstructed procedural opportunity to present his claims during the course of his § 2255 motion thereby rendering the § 2255 remedy ineffective. Where Petitioner cannot avail himself of the savings clause so as to establish 28 U.S.C. § 2241 jurisdiction, the Court should dismiss the habeas corpus Petition. *See* Rule 1(b) and Rule 4, Rules Governing Section 2254 Cases (permitting summary dismissal of § 2254 and other habeas corpus cases).

## **RECOMMENDATION**

The Court should enter a judgment dismissing the Petition for Writ of Habeas Corpus (#1) for lack of jurisdiction. The judgment should also decline to issue a certificate of appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

5 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. Where no respondent has appeared in this case, the Findings and Recommendation will go under advisement on that date.

DATED this  20th  day of July, 2020.

                                /s/John Jelderks
                                John Jelderks
                                United States Magistrate Judge